IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRY S. CALLAHAN,           )
                             )
        Plaintiff,           )
                             )
    vs.                      )   Civil Action No. 13-1634
                             )
CAROLYN W. COLVIN, ACTING    )
COMMISSIONER OF SOCIAL SECURITY, )
                             )
        Defendant.           )

O R D E R

AND NOW, this 30th day of December, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises a couple of related arguments, first, that the Administrative Law Judge ("ALJ") erred in determining his mental residual functional capacity ("RFC") because the determination was made without the assistance of a medical expert opinion, and second, that the ALJ's determination of his physical RFC was improper because it did not adhere to the opinions of the consultative examiner, Dr. Richard A. Rydze, M.D., and the state agency reviewing physician, Dr. Gail Sekas, M.D. The Court finds no merit as to Plaintiff's position.

These arguments are both based on Plaintiff's incorrect reading of Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). As this Court previously explained in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), the decision in Doak does not, as Plaintiff suggests, hold that an ALJ's RFC findings must be based on a particular medical opinion or that an ALJ may only reject a medical opinion as to functional limitations based on another opinion. Rather, the Third Circuit Court of Appeals, in Doak, held simply that nothing in the record in that case, which consisted of nothing more than testimony and three medical reports, supported the ALJ's finding that the claimant could perform light work. While the Circuit pointed out that none of the three reports contained a suggestion from a physician that the claimant could perform light work, in no way did it suggest that a finding of light work could only be supported if one of the three had expressly opined that the claimant could perform such work, nor did it find that their contrary opinions precluded such a finding *per se*. Indeed, interpreting Doak in this manner would ignore the fact that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). See also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); S.S.R. 96-5p, 1996 WL 374183 (S.S.A. 1996). Such an interpretation would also ignore the fact that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v.

Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). See also Chandler, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in Titterington, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Consistent with this later case law, Doak does not prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Third Circuit did nothing more than make a substantial evidence finding in light of a limited record and did not purport to create a rule that an RFC determination must be based on a specific medical opinion, and subsequent Third Circuit case law confirms this understanding. See also Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

In regard to Plaintiff's first argument, not only was there no opinion from any physician, treating or otherwise, as to his mental functional limitations, there was little evidence as to Plaintiff's mental health treatment at all. Based on this limited evidence, the ALJ was actually quite generous to Plaintiff in crafting the RFC, including several limitations stemming from his mental impairments. Far from relying on her own medical judgment, the ALJ, as she was required to do, considered all of the evidence and made an RFC determination. As discussed above, nothing in the statute, regulations, or Doak requires the existence of an outside opinion to make such a determination. See Chandler, 667 F.3d at 362.

In regard to Plaintiff's second argument that the ALJ improperly disregarded opinions of the consultative examiner and the state agency reviewing physician in favor of her own medical judgment, the Court notes that, unlike this case, Doak involved a situation where the ALJ rejected opinions from treating physicians. It is, of course, axiomatic that a treating physician is entitled to more deference under the law than a one-time examiner or one who merely reviews the record. When assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2);

3

Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the Commissioner may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the Commissioner's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. There is no such rule providing for controlling weight to be given by an ALJ to a consultative or reviewing physician's opinion. To the contrary, "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (internal quotations omitted).

Accordingly, a case, such as Doak, involving the deference to be shown to a treating physician's opinion as to functional limitations offers little insight in a case such as this one, where the opinions were offered by a non-treating, one-time consultative examiner and by a non-examining source. The ALJ thoroughly discussed the weight afforded to these opinions, and substantial evidence supports her determination. The Court further notes that at no point did the ALJ reject a physician's diagnosis or medical conclusion based on testing, examination, or clinical observations. Instead, the ALJ's review of the record evidence simply produced a different determination as to Plaintiff's RFC. She did not, therefore, elevate her own medical opinion over those of these physicians, but rather made a finding based on all of the evidence in the record, including evidence not considered by the consultative examiner and the state agency reviewing physician.

Regardless, as stated above, rejection of even a treating physician's opinion does not require reliance on another opinion. Such an opinion can be rejected on the basis of contradictory medical **evidence**, not just contrary opinions. If a treating physician's opinion can be rejected based on contrary non-opinion medical evidence, a consulting or non-examining physician's opinion is certainly not controlling merely because there is no other medical opinion in the record. The evidence on which an ALJ can rely can and does take a variety of forms. The ALJ clearly discussed the medical evidence at great length and explained the weight she was giving to the medical opinions, and substantial evidence supports her decision.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record